UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JESSE SIERRA and DUSTIN SIERRA,<br><br>Defendants. | 5:19-CR-50110-JLV<br><br>REPORT AND RECOMMENDATION REGARDING MOTIONS TO DISMISS (DOCS. 71, 73) |

Pending are Defendants' Motions to Dismiss (Docs. 71, 73). Based on a careful consideration of all the evidence, and counsel's written arguments, the Court respectfully makes the following:

**RECOMMENDATION**

It is respectfully recommended that Defendants' Motions to Dismiss (Docs. 71, 73) be denied.

**JURISDICTION**

The eleven-count Indictment in the above captioned case charges the following: Kidnapping in violation of 18 U.S.C. §§ 1201(a)(2), 1153, and 2; Aggravated Sexual Abuse by Force in violation of 18 U.S.C. §§ 2241(a)(1), 2246(2)(A), 1153, and 2; Aggravated Sexual Abuse by Force in violation of 18 U.S.C. §§ 2241(a)(1), 2246(2)(B), 1153, and 2; Interstate Domestic Violence in violation of 18 U.S.C. §§ 2261(a)(2) and 2; Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. §§ 113(a)(6), 1153, and 2; and Assault by

1

Strangulation of a Dating Partner in violation of 18 U.S.C. §§ 113(a)(8), 1153, and 2.  (Doc. 31).  The pending Motions were referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and United States District Judge Jeffrey L. Viken's Standing Order dated April 1, 2018.

## FACTUAL BACKGROUND

Defendant, Jesse Sierra, filed the present Motion to Dismiss (Doc. 71). In his motion, Jesse Sierra, seeks the dismissal of the indictment as multiplicitous or, in the alternative, to compel the Government to elect between Counts: II and III; Counts V and VI; Counts VII and X; and Counts IX and XI. Id. at p. 1.  Co-Defendant, Dustin Sierra, joins in the Motion to Dismiss, or alternatively, to compel election between those counts that apply to him, Counts II and III and Counts V and VI. (Doc. 73).

## DISCUSSION

### I.   Motions to Dismiss

#### A.   Legal Standard for Multiplicity

The Double Jeopardy Clause of the Fifth Amendment provides that "no person shall be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. CONST. amend. V.  "An indictment is multiplicitous if it charges the same crime in two counts." United States v. Chipps, 410 F.3d 438, 447 (8th Cir. 2005).  "A multiplicitous indictment is impermissible because 'the jury can convict the defendant on both counts, subjecting the defendant to two punishments for the same crime in violation of the double-jeopardy clause of the Fifth Amendment.'" United States v. Sandstrom, 594 F.3d 634, 651–52

2

(8th Cir. 2010) (quoting Chipps, 410 F.3d at 447)). "Demonstrating that an indictment violates the double jeopardy clause requires the defendant to show that the two offenses charged are in law and fact the same offense." United States v. Two Elk, 536 F.3d 890, 898 (8th Cir. 2008) (internal quotation omitted).

The Blockburger test sets out the applicable rule that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." Id. (internal quotation omitted). However, the "double jeopardy clause does not prevent multiple punishments for the same offense where Congress has specifically authorized cumulative punishment under two statutes." United States v. Mills, 835 F.2d 1262, 1264 (8th Cir. 1987).

### B.  Counts II and III are not Multiplicitous

Jesse and Dustin Sierra argue that Counts II and III are multiplicitous because the "two counts differ only in how the sexual act is alleged to have occurred as defined under 18 U.S.C. § 2246." (Doc. 72 at p. 2). Count II charges Aggravated Sexual Abuse by Force in violation of 18 U.S.C. §§ 2241(a)(1), 2246(2)(A), 1153, and 2. "Sexual act" under § 2246(2)(A) is defined

as "contact between the penis and the vulva or the penis and the anus."  Count III charges Aggravated Sexual Abuse by Force in violation of 18 U.S.C. §§ 2241(a)(1), 2246(2)(B), 1153, and 2.  "Sexual act" under § 2246(2)(B) is defined as "contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus."  Defendants assert the different definitions of "sexual act" under the statute "merely provide alternate ways of violating 18 U.S.C. § 2241(c), not separate and distinct offenses that may be separately charged." (Doc. 72 at p. 2).  Defendants argue Counts II and III "purportedly occurred in one episode . . . exposing the Defendant[s] to the risk [they] might receive multiple punishments for the same alleged course of conduct." Id. at p. 4-5.

>Defendants' arguments are directly contrary to Eighth Circuit precedent.

> We conclude that § 2241(c)'s language confirms that aggravated sexual abuse is a separate-act offense.  The plain language of § 2241(c) states that a person commits aggravated sexual abuse by "engag[ing] in *a sexual act* with another person." (emphasis added).  The statute does not say "sexual act or acts," or "sexual course of conduct."  Each of the permutations enumerated in § 2246(2) constitutes *a* sexual act and they are linked in the disjunctive.  It follows, then, that engaging in multiple sexual acts (as listed in § 2246(2)) would amount to multiple violations of § 2241(c) and would leave the perpetrator susceptible to multiple punishments thereunder.

United States v. Two Elk, 536 F.3d 890, 899 (8th Cir. 2008).  Accordingly, Defendants' arguments fail on the merits. The indictment is not multiplicitous for charging: (1) conduct between the penis and vulva or penis and the anus under § 2246(2)(A); and (2) contact between the mouth and the penis, mouth and the vulva, or the mouth and the anus under § 2246(2)(B).  Double jeopardy is not implicated, even if the separate sexual acts occurred within a single

4

course of conduct.  Accordingly, the court holds Counts II and III are not multiplicitous.

### C.    Counts V and VI are not Multiplicitous

Jesse and Dustin Sierra argue that Counts V and VI are multiplicitous because the "counts differ only in how it is alleged the purported assault occurred as defined under 18 U.S.C. § 113." (Doc. 72 at p. 2).  Count V charges Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. §§ 113(a)(6), 1153, and 2.  Count VI charges Assault by Strangulation of a Dating Partner in violation of 18 U.S.C. §§ 113(a)(8), 1153, and 2.  Defendants assert the different definition of "assault" under the statute "merely provide alternate ways of violating the statute and are not separate and distinct offenses that can be charged separately in an Indictment." (Doc. 72 at p. 2).

Here, the two counts are not multiplicitous.  Each count requires proof of an additional fact, which the other does not.  See Blockburger, 284 U.S. at 304.  Count V, Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. §§ 113(a)(6) and 1153, requires proof of the following elements:[1]

1. On or about between July 13, 2019, and July 21, 2019 inclusive, the defendant assaulted Esther Wolf;
2. The defendant acted knowingly and willfully;
3. The defendant is an Indian person;
4. The offense took place in Indian Country; and
5. *Esther Wolfe suffered serious bodily injury as a result.*

---

[1] Both Counts V and VI also charge Aiding and Abetting under 18 U.S.C. § 2 which requires proof that: (1) a defendant knew the crime was being committed or going to be committed; and (2) knowingly acted in some way for the purpose of aiding the commission of the crime. Because aiding and abetting is dependent on the specific elements of the crime charged, it therefore holds that counts alleging aiding and abetting are also not multiplicitous if the underlying offenses do not implicate double jeopardy.

Count VI, Assault by Strangulation of a Dating Partner in violation of 18 U.S.C. §§ 113(a)(8) and 1153, requires proof of the following elements:

1. On or about between July 13, 2019, and July 21, 2019, inclusive, the defendant assault Esther Wolfe;
2. The defendant assaulted her *by strangling, suffocating, or attempting to strangle or suffocate her*;
3. That Esther Wolfe was a *spouse, intimate partner, or dating partner*;
3. The defendant acted knowingly and willfully;
4. The defendant is an Indian person; and
5. The offense took place in Indian Country.

Count V requires proof that the victim suffered serious bodily injury as a result of the assault. Count VI does not require such proof. Contrary, Count VI requires proof that the defendant assaulted the victim, specifically by strangling, suffocating, or attempting to strangle or suffocate her, and that the victim was a spouse, intimate partner, or dating partner. Count V does not require such proof. Therefore, as a matter of law, the two offenses are not the same. Likewise, Defendants' assertion that the subsections of 18 U.S.C. § 113 are cannot be separate and distinct offenses contradicts Eighth Circuit precedent. See e.g. United States v. Eagle, 586 F.2d 1193, 1196–97 (8th Cir. 1978) (holding two counts charged under two different subsections of 18 U.S.C. § 113 were different as a matter of law).

Furthermore, Defendants bear the burden to demonstrate that two offenses charged "are in law *and fact* the same offense." Two Elk, 536 F.3d at 898 (emphasis added). Here Defendants merely allege the statute provides different ways of violating the statute, not distinct offenses. Neither defendant

provided any factual background to support their proposition as to why the offenses are in law *and fact* the same.

Contrary, the Government asserts that the two assaults "were accomplished by different means, occurred at different times and places, and had different motivations."[2] (Doc. 82 at p. 6-7). The Government further proffers that the Assault by Strangulation charged in Count VI occurred while Jesse Sierra "repeatedly strangled the victim while his codefendant drove them from Rapid City to the Pine Ridge Reservation . . . ." Id. at p. 7. The Assault Resulting in Serious Bodily Injury charged in Count V is alleged to have occurred by "repeated beatings with [Jesse Sierra's] fists and feet after arriving at the Pine Ridge Reservation, in varying locations across multiple days." Id. Defendants have failed to meet their burden as to both prongs of the Blockburger test. Accordingly, the court holds Counts V and VI are not multiplicitous.

    **D.    Counts VII and X are not Multiplicitous**

Jesse Sierra argues Counts VII and X are multiplicitous because "[the counts] differ only in that Count VII alleges the Defendant's purpose was to the complainant 'hold for ransom or reward' whereas Count X alleges the purpose

---

[2] The court notes that although the Government's proffer is helpful to further rebut the multiplicity argument, the court's holding would remain the same even if the assaults had not occurred at different times or in different locations. The Blockburger test a two-prong test that requires a showing that two charges are both the same in law and fact. It makes no difference whether the same conduct forms the basis of two charges, so long as each charge requires proof of an element that the other does not, double jeopardy is not implicated. See Blockburger, 284 U.S. at 304 (internal quotation omitted) (noting the Supreme Court's acceptance of the notion that "[a] single act may be an offense against two statutes . . . if each statute requires proof of an additional fact which the other does not").

7

was to commit a crime of violence against the complaining witness." (Doc. 72 at p. 3).

Again, these two counts are not multiplicitous because they each require proof of an additional fact, which the other does not. Count VII, Kidnapping in violation of 18 U.S.C. §§ 1201(a)(2) and 1153, requires proof of the following elements:

1. The defendant, unlawfully seized, confined, or kept detained Esther Wolfe without her consent;
2. *The defendant held Esther Wolfe for ransom, reward, revenge, sexual gratification, or other reason*;
3. The defendant voluntarily and intentionally transported, Esther Wolfe while she was seized, confined, kept, or detained;
4. The transportation was in interstate or foreign commerce;
5. The defendant is an Indian person; and
6. The offense took place in Indian Country.

Count X, Interstate Domestic Violence in violation of 18 U.S.C. § 2261(a)(2), requires proof of the following elements:

1. The defendant, caused *a spouse, intimate partner, or dating partner* to travel;
2. The travel was in interstate or foreign commerce or to enter or leave Indian Country;
3. The travel was by force, coercion, duress, or fraud;
4. *In the course of, as a result of, or to facilitate such conduct or travel, the defendant committed or attempted to commit a crime of violence against that spouse, intimate partner, or dating partner.*

Count VII requires proof that the defendant held the victim for ransom, reward, revenge, sexual gratification, or other reason. Count X does not require such proof. Contrary, Count X requires proof that in the course of, as a result of, or to facilitate such conduct or travel, the defendant committed or

attempt to commit a crime of violence against a spouse, intimate partner, or dating partner. Count VII does not require such proof.

The Eighth Circuit has not expressly answered the question of multiplicity as it pertains to convictions for both Kidnapping and Interstate Domestic Violence. However, the Eighth Circuit has held it was not plain error for the district court to permit a conviction and sentencing on both offenses when the defendant did not raise the issue of double jeopardy until on appeal. See United States v. Sickinger, 179 F.3d 1091, 1093 (8th Cir. 1999) (discussing how other circuits have recognized that "kidnapping requires proof of 'holding,' while the domestic violence statute does not, and the domestic violence statute requires proof of an 'intimate partner,' a fact not required for a kidnapping conviction").

In rejecting the defendant's double jeopardy challenge on appeal in Sickinger, the Eighth Circuit cited two cases from other circuits that had rejected the argument that Interstate Domestic Violence is simply a more specific type of Kidnapping. Id. (citing United States v. Bailey, 112 F.3d 758, 766-67 (4th Cir.) cert. denied, 522 U.S. 896, 118 S.Ct. 240, (1997); United States v. Frank, 8 F.Supp.2d 253, 282 n. 26 (S.D.N.Y.1998)). The Eighth Circuit did, however, note that it need not decide in that case if it ultimately agreed with Bailey and Frank due to the plain error standard of review. Sickinger, 179 F.3d at 1093, fn. 3.

However, other circuits have come to conclusions on this very issue. For example, the Fourth Circuit case cited to by the Eighth Circuit, expressly held

9

that an indictment charging both Interstate Domestic Violence and Kidnapping, as a result of the same transaction, was not multiplicitous.

> Clearly, the domestic violence statute requires proof of several facts which the kidnapping statute does not, the most obvious of which is that the victim be "a spouse or intimate partner." Equally apparent is that the kidnapping statute requires proof of the additional element that the defendant held the victim "for ransom or reward or otherwise." Although there are other differences between the elements of the domestic violence statute and the crime of kidnapping, these two stated differences satisfy the Blockburger requirement that each statute require the proof of an element which the other does not. Accordingly, we find that the interstate domestic violence statute proscribes conduct distinct from that criminalized by the kidnapping statute. Therefore, [Defendant's] two-count indictment under the interstate domestic violence statute and kidnapping statute is not multiplicitous and must stand.

United States v. Bailey, 112 F.3d 758, 767 (4th Cir. 1997).

Similarly, the Fifth Circuit determined an indictment charging both Kidnapping and Interstate Domestic Violence was not multiplicitous under Blockburger, and concluded the district court did not commit plain error by determining a sentence for both.

> The interstate domestic violence statute requires that the victim be a spouse or intimate partner of the defendant, that the defendant crossed state lines with the intent to injure, harass, or intimidate the victim, that a crime of violence was engaged in intentionally either in the course of or as the result of such travel, and that as a result of that crime of violence, bodily injury to the victim occurred. It can therefore be said that a kidnapping conviction requires proof of a fact not required by the interstate domestic violence statute (e.g., that the victim be held for purposes beneficial to the defendant at the time state lines were crossed), and that a conviction for interstate domestic violence requires proof of a fact not required by the kidnapping statute (e.g., that the victim be a spouse or intimate partner, that bodily injury to the victim resulted).

United States v. Lankford, 196 F.3d 563, 578 (5th Cir. 1999).

> In keeping with the trend, the Seventh Circuit Court of Appeals held:
>
> Accordingly, it makes no difference that the same evidence established that [the defendant] forcibly caused [the victim] to travel in interstate commerce and also that he "held" her as required for conviction of kidnapping. Each of these offenses requires proof of an element that the other does not, and that defeats [Defendant's] multiplicity argument.

United States v. Larsen, 615 F.3d 780, 788 (7th Cir. 2010).

As stated *supra*, Defendants bear the burden to demonstrate that two offenses charged "are in law *and* fact the same offense." Two Elk, 536 F.3d at 898 (emphasis added). Jesse Sierra makes no showing that both offenses fail to pass the Blockburger test. Instead, he merely asserts that "[n]o evidence supports the supposition the complaining witness was forcibly taken or held for ransom or reward. The complaining witness initially asserted there was a domestic relationship between her and the Defendant." (Doc. 72 at p. 3). Jesse Sierra has proffered no factual background that supports this assertion or could permit this court to determine that Counts VII and X, despite happening in the same time frame, are multiplicitous. Although familiar with the Criminal Complaint (Doc. 1) detailing the allegations concerning July of 2019, this court has been provided no factual background by either party[3] concerning the events alleged in August of 2018.

Although the Eighth Circuit has not made a determinative finding on this issue, this court is persuaded by, and adopts, the holding of the Fourth, Fifth, and Seventh Circuits that indictments charging both Kidnapping and Interstate

---

[3] The court recognizes this burden is ultimately that of the Defense.

11

Domestic Violence do not implicate double jeopardy. Furthermore, even if the Eighth Circuit were to hold contrary, that the elements of both offenses are not distinct as a matter of law, it is still the defendant's burden to demonstrate offenses are both in law *and fact* the same. The indictment alleges both Counts occurred "[o]n or about between August 28, 2018, and August 29, 2018." (Doc. 31 at p. 4-5). Jesse Sierra has proffered no facts to demonstrate how both Counts VII and XI were *factually* the same, in that they resulted from the same exact conduct, even if he could demonstrate that they were legally the same. Subsequently, this court is left with no facts to determine whether or not separate instances of kidnapping and interstate domestic violence occurred over the two-day period charged in the indictment.

Accordingly, this court holds Counts VII and X are not multiplicitous. However, even if the Eighth Circuit were to later determine that Kidnapping and Interstate Domestic Violence are the same as a matter of law, because Jesse Sierra failed meet his burden in demonstrating that the two charges are the same in fact, this court's holding would remain unchanged.

### E. Counts IX and XI are not Multiplicitous

Finally, Jesse Sierra argues Counts IX and XI are multiplicitous.[4] Count IX charges Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. §§ 113(a)(6) and 1153. Count XI charges Assault by Strangulation of a Dating

---

[4] Jesse Sierra's motion as it pertains to Counts IX and XI incorrectly references violations of 18 U.S.C. §§ 2241 and 2242. (Doc. 72 at p. 3). The motion also references the correct statutes for Counts IX and XI, which is 18 U.S.C. §§ 113(a)(6) and 113(a)(8), respectively. The court presumes the references to 18 U.S.C. §§ 2241 and 2242 to be a typographical error.

12

Partner in violation of 18 U.S.C. §§ 113(a)(8) and 1153. Both counts are alleged to have occurred on or about between the dates of August 28, 2018, and August 29, 2018, inclusive. (Doc. 31). Jesse Sierra's arguments for Counts IX and XI mirror the multiplicity arguments made regarding Counts V and VI. This court has already addressed the difference in elements between 18 U.S.C. §§ 113(a)(6) and 113(a)(8), *supra* in Section I.C, and will not repeat that analysis here. As a matter of law, Counts XI and XI are not the same.

Additionally, Jesse Sierra again provides no factual background for the court to determine the charges resulting from August of 2018 are the same as a matter of law *and* fact. However, even if Jesse Sierra *had* proffered evidence that it was the same conduct that formed the basis of both charges, such an argument would fail because, as a matter of law, each charge requires proof of an element that the other does not. It makes no difference whether the same conduct proves both offenses, because the Blockburger test is a two-prong test that requires a showing that two charges are the same not just in fact, but also in law.[5] Defendant has failed to meet his burden on both prongs of the

---

[5] The court is not aware whether or not the same conduct does in fact form the basis for both charges. Likewise, it is not entirely clear if Jesse Sierra is making the argument in his motion that two charges, each of which has an element that the other does not, are still multiplicitous if the same conduct forms the basis for both. Rather, for purposes of a thorough analysis, the court addresses the potential argument because the indictment charges Counts IX and XI over a limited period, a two day-span in August of 2018. Therefore, it is possible that the same conduct does form the basis of both charges. Regardless, if Defendant is making such an argument, it would be without merit. Although the "same conduct" rule was at one time in effect, such a rule has been expressly overruled by the Supreme Court in support of Blockburger as the *sole* test for double jeopardy. See United States v. Dixon, 509 U.S. 688, 704 (1993) (overruling Grady v. Corbin, 495 U.S. 508 (1990)) ("The 'same-conduct' rule [Grady] announced is wholly inconsistent with earlier Supreme Court precedent and with the clear common-law understanding of double jeopardy.); Dixon, 509 U.S. at 704 (quoting Gavieres v. United States, 220 U.S. 338, 345 (1911)) ("While it is true that the conduct of the accused was

Blockburger test.  Accordingly, the court holds Counts IX and XI are not multiplicitous.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' Motions to Dismiss (Docs. 71, 73) be denied.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require *de novo* review by the District Court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 9th day of March, 2020.

BY THE COURT:

*[signature]*

DANETA WOLLMANN
United States Magistrate Judge

---

one and the same, two offenses resulted, each of which had an element not embraced in the other.").