UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JESSE SIERRA and<br>DUSTIN SIERRA,<br><br>Defendants. | CR. 19-50110-JLV<br><br>ORDER |

Defendant Jesse Sierra moves this court for its order directing the issuance of a subpoena duces tecum pursuant to Federal Rule of Criminal Procedure 17(c)(3). (Docket 113). Defendant Dustin Sierra moves to join in the motion. (Docket 116). Defendants request from Monument Health the

> complete medical and mental health records of the victim in this case . . . for the time period January 1, 2018, through August 1, 2020, including but not limited to records relating to evaluation, treatment or care for any physical and/or mental health issue.

(Docket 113). Rule 17(c)(3) governs requests for subpoenas "requiring the production of personal or confidential information about a victim" by a third party. Fed. R. Crim. P. 17(c)(3). Before ordering the issuance of a subpoena for a victim's personal or confidential records and "unless there are exceptional circumstances," the "court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object." Id. Government counsel in this case notified the alleged victim of defendants' subpoena request and subsequently filed an objection to the motion on her behalf, asserting her rights under Rule 17(c)(3) and the Crime Victim's Rights Act, 18 U.S.C. § 3771(a). (Docket 115). The government asserts the motion should be denied, arguing it "fails to meet the requirements for issuance of a

Rule 17(c) subpoena," and disclosure of the requested records would violate the physician-patient or psychotherapist-patient privileges.  Id. at pp. 1, 8.

The court finds defendants' request for the issuance of a subpoena requiring the production of the alleged victim's medical and mental health records from January 1, 2018, through August 1, 2020, is not adequately specific.  A request for a subpoena duces tecum under Rule 17(c) "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity."  United States v. Nixon, 418 U.S. 683, 700 (1974).  As the Eighth Circuit notes, "'[t]hese specificity and relevance elements require more than the title of a document and conjecture as to its contents.' "  United States v. Hang, 75 F.3d 1275, 1283 (8th Cir. 1996) (quoting United States v. Arditti, 955 F.2d 331, 345 (5th Cir. 1992).  Rule 17(c)'s purpose is not to "provide a means of discovery" from the government or a third party in criminal cases, and therefore "a subpoena should not issue based upon a party's 'mere hope' that it will turn up favorable evidence."  United States v. Stevenson, 727 F.3d 826, 831 (8th Cir. 2013) (quoting Hang, 75 F.3d at 1283).

Here, government counsel "already provided to the defendant[s] medical records relating to [the alleged victim's] hospitalizations" relevant to the offenses charged. (Docket 115 at p. 1).  Defendants' motion does not further "identify a specific" document or documents not already in the government's possession or produced by government counsel.  Stevenson, 727 F.3d at 832.  More than the title of a document and conjecture as to its contents is required for the issuance of the requested subpoena, but defense counsel has not even provided the title of any documents it specifically seeks.  Rather, the defense makes a broad request for all of the alleged victim's medical and mental health records in the more than six months leading up to the dates of the earliest offense conduct charged in this case, through more than a week after the dates of the latest offense conduct charged.

Even if defendants' belief that additional relevant medical and mental health records may exist—and if they do that they may contain evidence favorable to the defense—is based upon a statement allegedly made by the victim to one of the defendants that she sought treatment between the dates identified or is consistent with hospital records already produced by the government, defendants have not identified the records sought with adequate specificity to show their belief is more than a mere hope.  See Hang, 75 F.3d at 1283 (denying defendant's request for a subpoena for the mental health records of one of his accusers, which the defendant sought because the accuser had "indicated during an interview that she had spent some time at the University of Minnesota Hospital and Clinic"); see also United States v. Bradford, 806 F.3d 1151, 1155 (8th Cir. 2015) (denying defendant's request for victim's medical records from the year preceding victim's death as mere hope they "might identify someone who was motivated to injure or kill" the victim other than the defendant, even in light of testimony the victim had been shot by another person in an unrelated incident within that timeframe).  The court finds defendants' request for the issuance of a subpoena duces tecum is not sufficiently specific under the Nixon standard, and it is unnecessary to reach the issue of whether the requested records are privileged.  Therefore, it is

ORDERED that Defendant Dustin Sierra's motion for joinder (Docket 116) is granted.

IT IS FURTHER ORDER that defendants' motion (Docket 113) is denied.

Dated February 1, 2021.

BY THE COURT:
/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE